FILED
 2011 Jun-30  PM 01:27
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KARL STORZ GMBH & CO. KG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:10-cv-03547-AKK** |
| **INTEGRATED MEDICAL SYSTEMS INTERNATIONAL, INC.,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This patent-infringement dispute is before the court on defendant Integrated Medical Systems International, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 14. For the following reasons, the motion is GRANTED, and the action is DISMISSED without prejudice.

### I.  BACKGROUND[1]

On May 12, 2009, the United States Patent and Trademark Office issued plaintiff United States Patent Number 7,530,945, entitled "Endoscope and Method

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009).

for Assembling Components of An Optical System." Doc. 10 at 2 ¶ 7. Claim 1 of the patent "recites a method for assembling an endoscope having a tubular shaft," which plaintiff outlines as follows:

> a) introducing the components into a tube of transparent and shrinkable material to form a unit;
>
> b) shrinking the shrinkable material of the tube for fixing the position of the components contained within the tube relative to one another;
>
> c) checking a position of the components relative to one another through the transparent shrunk material, of the shrunk tube; and
>
> d) introducing the unit composed of the shrunk tube and the components contained therein into the tubular shaft.

*Id*. at 3 ¶ 8.

Approximately two years before receiving the patent, plaintiff obtained an endoscope that it believed another entity assembled utilizing the method recited in its then-pending patent application. *Id*. at 4 ¶ 11-12. In February 2009, while its patent application was still pending, plaintiff identified defendant as the entity that assembled the subject endoscope. *Id*. at 4 ¶ 14. Consequently, on March 12, 2009, plaintiff wrote defendant and asserted that defendant is utilizing the methods recited in its patent application to assemble endoscopes and requested details about defendant's assembly methods and a written confirmation that defendant would no longer utilize any methods recited in its patent application. Doc. 10-1,

parties' correspondence, at 16-17.  In response, defendant stated that a review of its endoscope assembly procedures revealed one method similar to those recited in plaintiff's patent application and represented that it no longer used that method or any other methods outlined in plaintiff's application.  *Id*. at 19.

Dissatisfied with this response, plaintiff sent a second letter on April 9, 2009, requesting that defendant "certify in writing that none of its endoscope assembly processes involve shrinking a material around optical components to fix their positions."  *Id*. at 21.  Alternatively, plaintiff requested a detailed explanation of why defendant does not believe that its assembly methods infringe the methods recited in its patent application.  *Id*.  Defendant responded by referring plaintiff to its prior response that it does not utilize the methods in plaintiff's patent application and further asserted that it had no intent of using plaintiff's methods because suitable alternatives existed.  *Id.* at 23.

On August 10, 2009, plaintiff informed defendant that the United States Patent and Trademark Office had issued the patent.  *Id*. at 25.  As "a final attempt to avoid litigation," plaintiff enclosed a declaration for defendant to certify that it would not utilize the methods recited in the patent, and again requested that defendant detail any of its assembly methods that are similar to plaintiff's patented methods and explain why it believed that any such methods do not infringe the

3

patent. *Id*. On August 20, 2009, defendant declined to execute the declaration, stating that (1) it provided plaintiff previously with two written denials, (2) its endoscope assembly procedures do not utilize plaintiff's patented methods, and (3) if it were to utilize such methods, it would use "superior" alternatives. *Id*. at 29.

Sixteen months later, on December 21, 2010, plaintiff filed this action. Doc. 1. When defendant moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, doc. 9, plaintiff filed a First Amended Complaint, doc. 10, in which it alleges that defendant has infringed, is infringing, and will continue to infringe the patent in violation of 35 U.S.C. § 281,[2]

> by introducing components of endoscopes' optical systems into tubes of transparent and shrinkable material to form units, shrinking material of the tubes for fixing the position of the components contained within the tubes relative to one another checking the position of the components relative to one another through the transparent shrunk material of the shrunk tubes, and introducing the units composed of shrunk tubes and the components contained therein into the endoscopes' tubular shafts.

Doc. 10 at 8 ¶ 31.  Thereafter, defendant moved also to dismiss the First Amended Complaint under Rule 12(b)(6).  Doc. 14.

---

[2]Title 35 U.S.C. § 281 provides: "A patentee shall have remedy by civil action for infringement of his patent."

4

## II.  ANALYSIS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quotation marks and citations omitted).  Under the two-pronged framework the Supreme Court articulated in *Iqbal* to help courts evaluate the sufficiency of a complaint, courts are to (1) distinguish factual allegations from "legal

conclusion[s] couched as factual allegation[s]" and (2) determine whether the factual allegations present a "plausible claim for relief." *Id*. at 1949-50. A plausible claim for relief exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quotation marks and citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Turning now to the matter at hand, defendant contends that the First Amended Complaint fails to satisfy the *Twombly* and *Iqbal* minimum pleading requirements because it lacks the requisite *factual content* to support plaintiff's *legal conclusion* that defendant infringed *the patent*. Doc. 14 at 1-2. According to defendant, the only factual allegation supporting the infringement claim is plaintiff's contention that defendant repaired an endoscope utilizing defendant's assembly methods two years *before* the issuance of the patent.[3] Defendant asserts that this alleged pre-patent repair is insufficient to support plaintiff's claim of

---

[3]Plaintiff does not dispute this point.

patent infringement because "[p]atent rights are asserted only upon the formal issuance of the patent." *GAF Building Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996). In other words, absent factual allegations that defendant utilized the *patented assembly methods*, as opposed to *patent-pending assembly methods*, the First Amended Complaint lacks any factual content indicating that defendant acted unlawfully.

Plaintiff responds two-fold. First, although plaintiff acknowledges the limited factual content in its complaint, it faults defendant for its failure to plead the sufficient factual content: "Whatever details about [defendant's] relevant processes [it] has not alleged are solely in the possession of [defendant]" and defendant has refused to provide these details despite its repeated requests. Doc. 15 at 2. While plaintiff is obviously concerned about a potential infringement claim, its assertions here are not persuasive. Indeed, plaintiff failed to provide any legal support for its contention that defendant has a duty to voluntarily provide the requested information, particularly where, as here, the parties are competitors. Needless to say, if the law required such disclosure simply from an unsubstantiated patent-infringement allegation, the court suspects some litigants would abuse the privilege by filing frivolous lawsuits solely to obtain a competitive edge.

Second, plaintiff asserts that this court can reasonably infer an infringement from defendant's alleged conduct *before* the issuance of the patent, its "capability" of infringing the patent, and its refusal to sign the declaration.  Doc. 15 at 7.  The court disagrees.  The allegations here permit the court to infer only the mere *possibility* of infringement, rather than "a reasonable expectation that discovery will reveal evidence" of infringement.  *Twombly*, 550 U.S. at 556.  Importantly, as the Eleventh Circuit noted in *American Dental Associates v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), in both *Twombly* and *Iqbal* the Supreme Court held "that courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  605 F.3d at 1289.  As such, rather than inferring an infringement as plaintiff requests, the court may reasonably infer instead that defendant refused to the sign the declaration and provide details of its assembly methods because it has no duty to do so and had already provided plaintiff two written denials.

Finally, plaintiff asks the court, alternatively, to order defendant to respond to discovery and then allow it leave to file an amended pleading incorporating information obtained from the discovery.  Doc. 15 at 2, 14.  However, plaintiff provides no authority to support this request, nor can it do so when the Supreme

Court has counseled that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.  In the final analysis, plaintiff fails to allege factual content to "nudge [its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.   This court simply cannot allow plaintiff to embark on a fishing expedition to ascertain if, in fact, it has an infringement claim.  Accordingly, plaintiff's request for an order compelling discovery is denied, and the First Amended Complaint is dismissed for failing to state a claim upon which relief can be granted.

### III.  CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED, and the action is DISMISSED without prejudice.

DONE this 30th of June, 2011.

_____
ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE